*PK*

**RECEIVED**

  MAR 3 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT of ILLINOIS

EASTERN DIVISION

Dianne Kampinen - Plaintiff, pro se

–v-

Case No. _____

Jury demanded

U.S. Census Bureau, Dr Steven Dillingham, Director-

U.S. Department of Commerce, Honorable Wilber Ross, Secretary

**COMPLAINT**

1:20-cv-01553
Judge Harry D. Leinenweber
Magistrate Judge Jeffrey Cummings

Plaintiff alleges as follows:

This is an action alleging Defendants' adamant, willful refusal to pay Plaintiff wages earned during employment with US Census Bureau, while, to this date, maintaining that Plaintiff did not even work for the Census Bureau. It alleges a violation by Defendants for non-payment of earned wages, pursuant to:

1. Fair Labor Standards Act, 29 CFR Section 516.5(a) ( "Payroll Records" ) Payroll Records must be kept for "at least" three years" –

2. and, 29 USC Section 215 (a)(5) ( describing what constitutes a violation of ACT, i.e., a disregard of 29 USC Section 211 (c)[1] and its recordkeeping requirement )

3. This Complaint alleges willful non-payment of wages by Defendants and supervisors of the 2010 Census, who were, and are, fully aware of the FLSA requirements but who

---

[1] Fair Labor Standards Act 211 (c)

*"Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time…."*

1

have denied that Plaintiff worked for Census, and have not, up to this time, paid those wages that are due.

JURISDICTION and VENUE

4.  This court has **Jurisdiction** pursuant to 28 USC Section 1361 since this Complaint is an action to compel a Government Agency /its employees to perform a duty owed to Plaintiff, and it alleges a breach of that duty;

5.  This Court has subject-matter **Jurisdiction** under 28 USC Section 1331, since this Complaint is a Civil Action arising under laws of the United States, and its Statutes, and **Jurisdiction** under 28 USC Section 1346 is proper since Defendant is an agency of the Federal Government.

6.  **Venue** is proper pursuant to 28 USC Section 1391(e ) (1) (B) and (C) since Defendant is an employee of the United States; events of this Complaint occurred in the Northern District of Illinois.

PARTIES –

7.  Plaintiff is an individual, who resides in Chicago, and was employed by Census Bureau in 2010, as an Enumerator Trainee, from April 27 to April 29, 2010

8.  Defendant Ross is current Secretary of Department of Commerce, which is the agency over United States Census Bureau, who, on information and belief, resides and works in Washington DC

9.  Defendant Dr Dillingham is current Director of U.S. Census Bureau, and on information and belief, resides in Maryland.

10. Melissa Simon, Liz [ last name unknown ] and other employees and supervisors not named above, but represented Census employer in 2010, and hired me.

FACTS of Case

11. In 2009, Plaintiff took test for Census Bureau Enumerator position, for 2010 Census, and received a high score, and was hired in April, 2010. First day of work was April 27, 2010 at assigned site on N. Clark Street ( a bank building )

12. Plaintiff arrived at site on Tuesday, April 27, 2010. She was told immediately that "you were supposed to be here yesterday, we did fingerprints and everything" ( verbatim )  But Plaintiff had arrived on date assigned to her during interview, and had taken care to check out the locale and date,  and imparted that to "Liz" the Trainer, who replied that Plaintiff can "stay and train here" –

13. The Trainees were handed a satchel, into which, at end of workday, we were to write down our hours worked on a certain Form [ "D-308" ] and to place that Form inside - we were admonished to never take the satchel out of the building.

14. Since others in group had already had HR processing, Liz played *catch-up* during their break, and presented Plaintiff with two Forms to complete, for which Plaintiff presented her ID's. The Forms were I-9 [ DHS ] and the Direct Deposit Form, for which Plaintiff had brought her account information. Liz's supervisor, Simon, was present as Plaintiff completed the two Forms. Liz did not finish the HR processing that day.

15. On Thursday, April 28th, Liz administered the Oath [ of Office ] - as required by employees of a Federal agency.

16. On same day, Liz informed Plaintiff that she was terminated; and gave no clear explanation.

17. Although fingerprinting is mandatory for Census employment, Liz did not fingerprint Plaintiff.

18. Plaintiff within a few days, contacted Regional supervisors, as she believed her termination was unfair. In fact, when Plaintiff reached Liz to ask why bank did not have her pay, Liz revealed that the termination was not her [ Liz's ] decision.

19. Plaintiff waited to receive a response from Census HR. She also checked with the Bank to see if her pay had been deposited. It had not.  Yet, Form D-308 – with hours recorded, and Direct Deposit Form properly submitted – would have resulted in Plaintiff receiving the timely pay deposit.

3

20. During this time, Plaintiff heard from a few local-office supervisors, one of whom seemed concerned that Plaintiff had contacted a higher Regional entity, and written a letter, as well.

21. These supervisors urged Plaintiff to "come to pick up" her pay. Plaintiff informed them that she expected that her pay would be deposited via Direct Deposit, and that this was the method required, anyway. She also asked that she be able to resume work, and asked, too, whether – if she comes to pick up her pay, she will also be fingerprinted, and resume training. This, because one of the persons she contacted at Regional office or higher offices, had said "I don't think you were fired."

22. So, Plaintiff was in midst of expecting response of Regional or HR overall, to let her know more about why she was seemingly, now, with no prospects of being an Enumerator. She declined, via phone call, to go to pick up her pay, in person, for she knew that, if she did so, the persons who had made a mistake in denying fingerprinting [ mandatory part of HR ] may want her to be erased, so to speak, from the books, or payroll, and there would then be no obligation to concern themselves with the fact that Plaintiff had filled out the Direct Deposit Form.

23. Plaintiff filed a lawsuit in 2011, alleging wrongful denial of due process by HR Department of Census Bureau. The facts: an applicant for a Federal job, who has an arrest record, as Plaintiff has, would be presented with a "30-day" letter by Census, after I-9 and other background information and fingerprints have been submitted to Justice Department / Government, and an employee may then have opportunity to respond to that background discovery, but, without the fingerprint submission by Trainers, Plaintiff was denied opportunity to continue with training.

24. Plaintiff alleged mis-deeds by the local office of Census.

25. Now, after time has passed, and since Plaintiff tended to her lawsuit, which is her right, she was also not urgently inquiring about the 3 days' pay due her.

26. Plaintiff is now taken aback that, when she began that urgent, persistent and diligent inquiry around 2017, Census officials behaves as if she never worked for that agency, and have told her that they cannot "find" that she ever worked for Census. Plaintiff is

4

well aware of the 3 year-recordkeeping statute comment [2]made to her in around 2019, when she was communicating with various officials – however, I now ask that this Court be informed - and to understand - that I deserve to be paid for work performed.

Prayer for Relief –

I ask this Court to grant relief in awarding the pay due me, plus back-pay and liquidated damages, due to Defendants' surprising non-acknowledgement, and their consistent non-response to my persistent requests, calls, inquiries – and their buck-passing - their outright denials and their on-and-off promises to look into the matter. When I followed up, they would promise once again that someone in authority was either looking into the matter, or would look into the matter. Yet, I was patient, since I had waited so long for this Agency, local Census people, to do their duty, and was now even willing to wait further.

Respectfully,

_Dianne Kampinen (signature)_ _____March 3, 2020

Dianne Kampinen

530 West Arlington Place  Apt. 317

Chicago, IL 60614-3979                                    773 381 5696  Voice Mail

Email  rainfall64@yahoo.com

---

[2]  **Wage and Hour Division**        U.S. Department of Labor  200 Constitution Ave NW
Washington, DC 20210  1-866-4-US-WAGE        1-866-487-9243